Arben MJESHTRI, Petitioner,

v.

Alberto R. GONZALES,[1] Respondent.

No. 04–3682–AG.

United States Court of Appeals, Second Circuit.

Nov. 16, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

---

Alexsander Milch, New York, New York, for Petitioner.

Alice H. Martin, United States Attorney, Northern District of Alabama, Katharine J. Smith, Assistant United States Attorney, Birmingham, Alabama, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. CHESTER J. STRAUB, and Hon. BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Arben Mjeshtri, a native and citizen of Albania, seeks review of a June 18, 2004 order of the BIA affirming immigration judge ("IJ") Alan Vomacka's December 3, 2002 decision denying Mjeshtri's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Arben Mjeshtri*, No. A78 279 594 (B.I.A. June 18, 2004), *aff'g* A78 279 594 (Immig. Ct. N.Y. City Dec. 3, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

The IJ noted, and the BIA affirmed, three inconsistencies within and between Mjesthri's testimony, his brother's testimony, and submitted documentary evidence that undermined Mjeshtri's credibility. The IJ also relied on an inconsistency not discussed by the BIA, and found various documents and portions of Mjeshtri's testimony suspicious and implausible. The agency was reasonable in relying on the four cited inconsistencies, as they exist in the record and go to the heart of Mjeshtri's claim of persecution on account of his activism on behalf of the Democratic Party in Albania. The IJ explicitly considered his explanations for the discrepancies, and

these explanations were not sufficient to compel an opposite finding. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Although we have identified errors in the IJ's implausibility findings, remand would be futile in this case because the agency's determination is also supported by the non-erroneous findings and we can confidently predict that those non-erroneous findings would lead the agency to reach the same decision were the case remanded. *See Xiao Ji Chen,* 434 F.3d at 161–62.

The agency's adverse credibility determination is thus supported by substantial evidence in the record, and its denial of asylum was appropriate. Because the only evidence of a threat to Mjeshtri's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Because Mjeshtri's CAT claim was predicated on the same facts as his claims for asylum and withholding of removal, the agency's denial of CAT relief based on his lack of credibility was also appropriate. *See Xue Yong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, Mjeshtri's pending motion for a stay of removal in this petition is DENIED as moot.